UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA MOSCHAN                                    CIVIL ACTION

VERSUS                                            NO. 25-1474

BLUE STAR HAULERS LLC, *et al.*                   SECTION M (5)

**ORDER & REASONS**

Before the Court is a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure filed by defendants Blue Star Haulers LLC ("Blue Star") and DeRunyae Bell.[1]  The motion is set for submission on September 4, 2025.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance August 27, 2025.  Plaintiff Joshua Moschan, who is represented by counsel, did not file an opposition to the motion.  Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 9.
[2] R. Doc. 9-1.
[3] This case involves a motor vehicle accident that occurred in Mississippi.  R. Doc. 1-2.  Moschan filed this suit in Louisiana state court against Blue Star, Bell, and State Farm Mutual Automobile Insurance Company seeking damages for the injuries he allegedly sustained in the accident.  *Id.*  Blue Star and Bell removed the suit to this Court, asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332.  R. Doc. 1.  Moschan is a citizen of Louisiana, whereas both Blue Star and Bell are Texas citizens.  *Id.* at 3-4.  Blue Star and Bell filed the instant Rule 12(b)(2) motion to dismiss, arguing that neither of them is subject to personal jurisdiction in Louisiana because the accident occurred in Mississippi and neither moving defendant has continuous and systematic contacts with Louisiana so as to be deemed "at home" in the state.  R. Doc. 9-2.  Rule 12(b)(2) confers a right of dismissal of claims against a defendant where personal jurisdiction is lacking.  Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotation and alteration omitted).  When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists.  *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction comports with due process under the United States Constitution.  *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019).  Because Louisiana's long-arm statute extends to the limits of due process, the two inquiries collapse into the single inquiry whether the exercise of personal jurisdiction comports

IT IS ORDERED that Blue Star and Bell's motion to dismiss (R. Doc. 9) is GRANTED, and plaintiff's claims against them are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 28th day of August, 2025.

                                                      BARRY W. ASHE
                                                      UNITED STATES DISTRICT JUDGE

---

with due process. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010). For purposes of personal jurisdiction, the due-process inquiry looks at whether the defendant has purposefully availed itself of the benefits and protections of the forum state through "minimum contacts" with the forum, and whether the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The inquiry thus focuses "on the nature and extent of the defendant's relationship to the forum State." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quotation omitted). "There are two kinds of personal jurisdiction: 'general or all-purpose jurisdiction' and 'specific or case-linked jurisdiction.'" *Daughtry v. Silver Fern Chem., Inc.*, 138 F.4th 210, 215 (5th Cir. 2025) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For a court to exercise general jurisdiction, the defendant's contacts with the forum must be "so continuous and systematic" as to render the defendant "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citing *Goodyear*, 564 U.S. at 919). "'For an individual, the paradigm forum for the exercise of general jurisdiction is an individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'" *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear*, 564 U.S. at 924). "Specific personal jurisdiction 'covers defendants less intimately connected with a State, but only as to a narrower class of claims.'" *Ethridge v. Samsung SDI Co.*, 137 F.4th 309, 314 (5th Cir. 2025) (quoting *Ford Motor Co.*, 592 U.S. at 359). Specific jurisdiction exists when a defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). In analyzing specific jurisdiction, courts employ a three-prong test to determine (1) whether the defendant purposefully directed its activities at the forum and availed itself of the privilege of doing business there, (2) whether the claim arises out of or results from the defendant's forum-related contacts, and (3) whether the exercise of personal jurisdiction is reasonable and fair. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895-96 (5th Cir. 2022). In this case, there is neither specific, nor general, personal jurisdiction over Blue Star or Bell. This Court cannot exercise general personal jurisdiction over them because there is no evidence that these Texas citizens had continuous and systematic contacts with Louisiana as to make them at home in the state. Further, this Court cannot exercise specific personal jurisdiction over them in this case because the accident occurred in Mississippi.